IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No: 1:24-mj-00143-KAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TEAK TY BROCKBANK,

    Defendant.

## STIPULATION

The United States of America, by and through its counsel of record, the Acting United States Attorney for the District of Colorado and the Chief of the Public Integrity Section of the U.S. Department of Justice's Criminal Division, and the defendant, TEAK TY BROCKBANK, by and through counsel, Thomas R. Ward, hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including thirty (30) days from the date of the proposed order and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

    1.    The chronology of this case is as follows:

        a.    Date of complaint: July 26, 2024

        b.    Date of arrest: August 23, 2024

    c.  Date of initial appearance: August 26, 2024

    d.  Defendant custody status: In custody

    e.  Date United States moved for detention: August 26, 2024

    f.  Date of detention hearing: September 3, 2024

    g.  Date detention decision issued: September 4, 2024

  2.  The United States and the defendant request this exclusion based on the following facts and circumstances: On August 23, 2024, the day the defendant was arrested, law enforcement officers also executed a search warrant at his residence. The Government is still in the process of conducting a review of the items seized from the defendant's home, which include multiple electronic devices that may take weeks to review, so that pre-indictment discovery can be provided to defense counsel. The requested continuance allows for time necessary for a preliminary examination of the electronic devices, and for the effective preparation by counsel to review evidence obtained during the execution of the search warrant (and earlier) with the United States and the defendant, so that the defendant may make an informed decision as to whether he wishes to resolve or dispute the charges set forth in the Complaint. The parties certify that they have been diligent in filing this stipulation (the day after the detention decision was docketed); that no party is inconvenienced by the delay; and that the extension here will be useful (by allowing the parties to discuss a potential pre-indictment resolution that could avoid taxing limited grand jury and judicial resources). *See United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987).

  3.  The parties stipulate and agree that the ends of justice served by granting

this extension outweigh the best interest of the public and the defendant in a speedy indictment and trial because the requested continuance allows for time necessary for an examination of the electronic devices and other discovery, and for the effective preparation by counsel to review evidence with the United States and the defendant, so that the defendant may make an informed decision as to whether he wishes to resolve or dispute the charges set forth in the Complaint. The delay in the filing of an indictment was caused because the arrest occurred at a time such that it is unreasonable to expect return and filing of an indictment within the period specified in section 3161(b), taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iii).

4. The parties stipulate and agree that the time period from the date of this stipulation, to and including October 9, 2024, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iii).

The undersigned attorneys affirm the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

MATTHEW T. KIRSCH
Acting United States Attorney
District of Colorado

By: */s/ Cyrus Y. Chung*
Cyrus Y. Chung
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Email: cyrus.chung@usdoj.gov

COREY R. AMUNDSON
Chief, Public Integrity Section
United States Department of Justice

By: *Jonathan E. Jacobson*
Jonathan E. Jacobson
Trial Attorney
Public Integrity Section
1301 New York Ave. NW, 10th Fl.
Washington, DC 20005
Telephone: (202) 514-1412
Email: jonathan.jacobson@usdoj.gov


By: *Thomas R. Ward*
Thomas R. Ward
Attorney for Teak Ty Brockbank
Stuart & Ward LLP
140 East 19th Avenue, Suite 300
Denver, CO 80203
Telephone: (303) 832-8888
Email: tward@stuartwardlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No: 1:24-mj-00143-KAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TEAK TY BROCKBANK,

    Defendant.

## ORDER REGARDING SPEEDY TRIAL COMPUTATION OF TIME

A. The Court adopts the stipulated facts set forth in the parties' Stipulation [#20] as findings and hereby incorporates them into this Order;

B. The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because this delay is necessary in order to allow the United States reasonable time following the arrest of the defendant for effective preparation for the return and filing of an indictment, taking into account the exercise of due diligence.

    BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED

5

FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of 18 U.S.C. § 3161(b), be enlarged to and including 30 days from the date of this Order, and that time be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of 18 U.S.C. § 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

Dated and entered this ___10th___ day of September, 2024